UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**KARALEE CROSSLEY**,

        Plaintiff,

   v.

**CAROLYN W. COLVIN, Commissioner,
Social Security Administration**,

        Defendant.

Civil No. 3:14-cv-01052-ST

**OPINION AND ORDER**

STEWART, Magistrate Judge:

## INTRODUCTION

Plaintiff, Karalee Crossley ("Crossley"), seeks judicial review of the final decision by the Social Security Commissioner denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 USC §§ 1381-1383f. This court has jurisdiction to review the Commissioner's decision pursuant to 42 USC § 1383(c)(3). All parties have consented to allow a Magistrate Judge to enter final orders and judgment in this case in accordance with FRCP 73 and 28 USC § 636(c) (docket #11). Because the Commissioner's decision is supported by substantial evidence, it is AFFIRMED.

## ADMINISTRATIVE HISTORY

Crossley protectively filed for SSI on January 21, 2011. Tr. 180-86. She initially alleged a disability onset date of January 1, 2004, which she subsequently amended to January 21, 2011. Tr. 13, 38. After her applications were denied initially and on reconsideration, a hearing was held before Administrative Law Judge ("ALJ") Jo Henninger on December 4, 2012. Tr. 33-69. The ALJ issued a decision on January 10, 2013, finding Crossley not disabled. Tr. 13-26. The Appeals Council denied a request for review on May 29, 2014. Tr. 1-5. Therefore, the ALJ's decision is the Commissioner's final decision subject to review by this court. 20 CFR § 410.670a.

## BACKGROUND

Born in 1978, Crossley was 35 years old at the time of the hearing before the ALJ. Tr. 180. She has a high school education and past relevant work experience as a cook. Tr. 263-64, 278-85. Crossley alleges that she is unable to work due to the combined impairments of lumbar degenerative disc disease, central canal stenosis, cervical degenerative disc disease, fibromyalgia, migraines, personality disorder, anxiety disorder, affective disorder, and abdominal pain. Tr. 262.

## DISABILITY ANALYSIS

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 USC § 423(d)(1)(A). The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 CFR § 416.920; *Tackett v. Apfel*, 180 F3d 1094, 1098–99 (9th Cir 1999).

2 - OPINION AND ORDER

At step one, the ALJ determines if the claimant is performing substantial gainful activity. If so, the claimant is not disabled. 20 CFR § 416.920(a)(4)(i) & (b).

At step two, the ALJ determines if the claimant has "a severe medically determinable physical or mental impairment" that meets the 12-month durational requirement. 20 CFR §§ 416.909, 416.920(a)(4)(ii) & (c). Absent a severe impairment, the claimant is not disabled. *Id*.

At step three, the ALJ determines whether the severe impairment meets or equals an impairment "listed" in the regulations. 20 CFR § 416.920(a)(4)(iii) & (d); 20 CFR Pt. 404, Subpt. P, App. 1 (Listing of Impairments). If the impairment is determined to meet or equal a listed impairment, then the claimant is disabled.

If adjudication proceeds beyond step three, the ALJ must evaluate medical and other relevant evidence in assessing the claimant's residual functional capacity ("RFC"). The claimant's RFC is an assessment of work-related activities the claimant may still perform on a regular and continuing basis, despite the limitations imposed by his or her impairments. 20 CFR § 416.920(e); Social Security Ruling ("SSR") 96–8p, 1996 WL 374184 (July 2, 1996).

At step four, the ALJ uses the RFC to determine if the claimant can perform past relevant work. 20 CFR § 416.920(a)(4)(iv) & (e). If the claimant cannot perform past relevant work, then at step five, the ALJ must determine if the claimant can perform other work in the national economy. 20 CFR § 416.920(a)(4)(v) & (g); *Bowen v. Yuckert*, 482 US 137, 142 (1987); *Tackett*, 180 F3d at 1099.

The initial burden of establishing disability rests upon the claimant. *Tackett*, 180 F3d at 1098. If the process reaches step five, the burden shifts to the Commissioner to show that jobs

3 - OPINION AND ORDER

exist in the national economy within the claimant's RFC. *Id*. If the Commissioner meets this burden, then the claimant is not disabled. 20 CFR §§ 416.920(a)(4)(v) & (g), 416.960(c).

## ALJ'S FINDINGS

At step one, the ALJ concluded that Crossley has not engaged in substantial gainful activity since January 21, 2011, the date that the application was protectively filed. Tr. 15.

At step two, the ALJ concluded that Crossley has the severe impairments of degenerative disc disease, fibromyalgia, migraines, personality disorder, anxiety disorder, and affective disorder. *Id*.

At step three, the ALJ concluded that Crossley does not have an impairment or combination of impairments that meets or equals any of the listed impairments. Tr. 17. The ALJ found that Crossley has the RFC to perform less than the full range of light work; she can only occasionally climb ramps, stairs, ladders, ropes, and scaffolds; she can occasionally stoop, kneel, crouch, and crawl, and frequently balance, but must avoid concentrated exposure to extreme cold and heat, wetness, fumes, dust, vibration, and workplace hazards such as machinery and heights; and she can never interact with the general public, but can occasionally interact with coworkers and supervisors. Tr. 18.

Based upon the testimony of a vocational expert ("VE"), the ALJ determined at step four that Crossley is capable of performing her past relevant work as a cook. Tr. 24.

In an alternative finding at step five, the ALJ found that considering Crossley's age, education, and RFC, she was capable of performing the requirements of representative occupations such as mailroom clerk, small products assembler, and laundry folder. Tr. 25.

Accordingly, the ALJ determined that Crossley was not disabled at any time through the date of the decision.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. 42 USC § 405(g); *Lewis v. Astrue*, 498 F3d 909, 911 (9th Cir 2007). This court must weigh the evidence that supports and detracts from the ALJ's conclusion. *Lingenfelter v. Astrue*, 504 F3d 1028, 1035 (9th Cir 2007), citing *Reddick v. Chater*, 157 F3d 715, 720 (9th Cir 1998). The reviewing court may not substitute its judgment for that of the Commissioner. *Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F3d 1194, 1205 (9th Cir 2008), citing *Parra v. Astrue*, 481 F3d 742, 746 (9th Cir 2007); *see also Edlund v. Massanari*, 253 F3d 1152, 1156 (9th Cir 2001). Where the evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld if it is "supported by inferences reasonably drawn from the record." *Tommasetti v. Astrue*, 533 F3d 1035, 1038 (9th Cir 2008), quoting *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F3d 1190, 1193 (9th Cir 2004); *see also Lingenfelter*, 504 F3d at 1035.

## DISCUSSION

Crossley asserts the ALJ erred by: (1) rejecting the opinion of the examining physician, Robin Rose, M.D., without substantial evidence; and (2) failing to find at step two that her pancreatitis/ abdominal pain is a severe impairment.

### I.     Rejection of Dr. Rose's Opinion

Crossley contends that the ALJ failed to give proper weight to the opinion of Dr. Rose, a physician who examined Crossley on February 13, 2009. Tr. 869-79. Specifically, she objects to the ALJ's partial rejection of the functional limitations assessed by Dr. Rose.

The ALJ is responsible for resolving conflicts in the medical record, including conflicts among physicians' opinions. *Carmickle v. Comm'r*, 533 F3d 1155, 1164 (9th Cir 2008). The

5 - OPINION AND ORDER

opinion of a treating physician is generally accorded greater weight than the opinion of an examining physician, and the opinion of an examining physician is accorded greater weight than the opinion of a non-examining physician. *Lester v. Chater*, 81 F3d 821, 830 (9th Cir 1995). An uncontradicted treating physician's opinion can be rejected only for "clear and convincing" reasons. *Baxter v. Sullivan*, 923 F2d 1391, 1396 (9th Cir 1991). In contrast, if the opinion of an examining physician is contradicted by another physician's opinion, the ALJ must provide "specific, legitimate reasons" for discrediting the examining physician's opinion. *Lester*, 81 F3d at 830. Specific, legitimate reasons for rejecting a physician's opinion may include its reliance on a claimant's discredited subjective complaints, inconsistency with medical records, inconsistency with a claimant's testimony, and inconsistency with a claimant's daily activities. *Tommasetti*, 533 F3d at 1040.

Dr. Rose diagnosed Crossley with lumbar disc disease with left leg radiculopathy, possible fibromyalgia, chronic pancreatitis, chronic sinusitis and right eye visual deficit status post solar injury. Tr. 878. She opined that during an eight-hour workday, Crossley could stand and walk three hours with breaks every 30 minutes for position change and could sit for four to six hours with reasonable breaks every 30 minutes to change position. *Id.* Dr. Rose stated that Crossley could lift or carry 15 pounds frequently and 30 pounds occasionally, but should not lift from the floor and could only occasionally lift from the waist or above her head. *Id.* She felt that Crossley could push or pull, but may be precluded from repetitive reaching, could climb, but could rarely stoop, kneel, crouch, or crawl, and would have difficulty with balancing. Tr. 878-79. Finally, Dr. Rose stated that Crossley should avoid all exposure to extreme cold or heat, pulmonary irritants and workplace hazards, should rarely be exposed to wetness or humidity, and should only occasionally be exposed to noise and vibration. Tr. 879. The ALJ gave "some

weight" to Dr. Rose's opinion and incorporated many of her findings into the RFC. Tr. 23. As support for this finding, she explained:

> Specifically, . . . the claimant has not consistently presented with the limitations she displayed on examination by Dr. Rose. Furthermore, Dr. Rose seems to have accepted the subjective reports of symptoms and limitations provided by the claimant. Yet, as explained elsewhere in this decision, there exists good reasons for questioning the reliability of the claimant's subjective complaints. For example, she reported the claimant had chronic pancreatitis, but as discussed previously, there is no such diagnosis in the record.

*Id*.

In contrast, the ALJ noted that the state agency medical consultants, Charles K. Lee, M.D., and Martin Kehrli, M.D., both opined that Crossley could lift up to 20 pounds occasionally and ten pounds frequently; could occasionally climb, stoop, crouch and crawl; and could frequently balance and kneel; but should avoid concentrated to exposure to extreme cold, vibration, and workplace hazards. *Id*. Both found Crossley only partially credible and supported their findings by noting that the objective findings were inconsistent with her physical complaints, that she made several inconsistent statements throughout the record, and that she was not limited in her activities of daily living. *Id*.

The ALJ noted that Crossley "has not consistently presented with the limitations she displayed on examination with Dr. Rose" in February 2009. Tr. 23. In support, the ALJ cited evidence in the record of "significant inconsistencies between [Crossley's] allegations of physical conditions preventing her from working and the minimal objective medical findings." Tr. 20. As the ALJ noted, on numerous occasions between January 2009 and November 2012, Crossley had normal neurological examinations and exhibited full range of motion without pain. *Id*, citing Tr. 973, 1331, 1295, 1306, 1312, 1284, 1286, 1562-62. In addition, with respect to Crossley's

7 - OPINION AND ORDER

abdominal complaints, as discussed in more detail below, the ALJ noted in her step two analyses the lack of objective medical evidence to support Crossley's claims. Tr. 16.

The ALJ also noted that Dr. Rose "seems to have accepted the subjective reports of symptoms and limitations provided by" Crossley. Tr. 23. The ALJ found good reasons for questioning the reliability of Crossley's subjective complaints and for finding her less than credible. Tr. 19-22. Crossley does not challenge the ALJ's credibility finding. It is well-established that an ALJ is not required to take into account those limitations that depend on a claimant's subjective complaints, especially where the ALJ finds the claimant less than credible. *Bayliss v. Barnhart*, 427 F3d 1211, 1217 (9th Cir 2005).

Thus, the ALJ provided specific and legitimate reasons supported by substantial evidence in the record for giving only some weight to Dr. Rose's opinion. Accordingly, the ALJ did not err in her evaluation of Dr. Rose's opinion.

## II.     Failure to Find Abdominal Pain Severe at Step Two

Crossley also alleges the ALJ erred in failing to find Crossley's pancreatitis and/or recurrent abdominal pain severe at step two of the sequential evaluation. She contends it is clear from the evidence that she has had chronic abdominal pain which interferes with her functioning levels. Crossley concedes that the exact diagnosis has not been determined, but contends that the pain has nevertheless severely impacted her ability to function compared to others of her same age.

At step two, the ALJ determines whether the claimant has a severe medically determinable impairment or combination of impairments. 20 CFR § 416.920(a)(4)(ii). To be "severe," an "impairment of combination of impairments [must] . . . significantly limit[] [the claimant's] ability to do basic work activities." 20 CFR § 416.920(c). To be "medically

8 - OPINION AND ORDER

determinable," an impairment "must be established by medical evidence consisting of signs, symptoms, and laboratory findings," and must have lasted or be expected to last at least 12 months. 20 CFR §§ 416.908, 416.909, 416.920(a)(ii). An impairment or combination of impairments may be found "not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Webb v. Barnhart*, 433 F3d 683, 686-87 (9th Cir 2005).

Based on the medical record, the ALJ concluded that Crossley's "degenerative disc disease, fibromyalgia, migraines, personality disorder, anxiety disorder and affective disorder" constitute severe impairments. Tr. 15. The ALJ considered Crossley's abdominal complaints, but concluded they did not rise to the level of a severe impairment. Tr. 16. In support, the ALJ noted that all objective tests for pancreatitis or other abdominal abnormalities were normal, concluding:

> The claimant's alleged abdominal conditions are not adequately supported by the medical record of evidence, or the evidence suggests they are transient or otherwise do not cause significant vocational limitations. Accordingly, these alleged conditions do not constitute severe medically determinable impairments.

*Id*.

Substantial evidence in the record supports the ALJ's conclusion. As the ALJ noted, results from objective abdominal/pancreatic testing performed by multiple physicians prior to and throughout the relevant period were unremarkable, normal, and indicated pancreatitis was not likely. *Id*. Abdominal ultrasounds, CT scans, endoscopic procedures, and lipase tests repeatedly indicated no abnormalities. Tr. 479, 545, 711, 820, 995-98, 1061-62, 1199, 1288, 1352, 1441-42, 1493, 1516, 1523, 1623, 1741. Although Crossley often presented with reported abdominal pain or tenderness, it was "distractible," and she maintained a normal gait, strength,

and sensation. Tr. 77, 81, 95, 98, 101. Thus, the ALJ properly concluded there was no objective evidence to support Crossley's alleged pancreatitis.

In any event, the ALJ found in favor of Crossley at step two, permitting her claim to go forward to further steps of the sequential disability analysis. Thus, any error in failing to consider certain impairments as severe did not prejudice Crossley's claims at this level. *See Burch v. Barnhart*, 400 F3d 676, 682 (9th Cir 2005) (any error in omitting an impairment from the severe impairments identified at step two was harmless where step two was resolved in claimant's favor); *Lewis*, 498 F3d at 911 (failure to list an impairment as severe at step two was harmless error where ALJ considered the functional limitations posed by that impairment later in the decision). The ALJ did not ignore Crossley's abdominal problems, but instead stated that "these complaints and their secondary impacts have been considered in conjunction with her severe impairments noted above." Tr. 16. Despite finding that Crossley's subjective complaints were not fully credible, the ALJ determined the combination of Crossley's impairments, severe and non-severe, and limited her to no more than light work with additional exertional and non-exertional limitations. Thus, even if error existed at step two, it was harmless and does not form the basis to reverse the Commissioner's error.

## **CONCLUSION**

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

DATED this 11th day of May, 2015.

                                                s/ Janice M. Stewart
                                                Janice M. Stewart
                                                United States Magistrate Judge